25-9-2. Each side has 15 minutes. We don't want you to think that your case is less important just because the audience left, it's just as important. Good morning. May it please the court, my name is Stephen Chung and I represent the Plaintiff Appellant Michael Thomas Ryan. I'd like to reserve five minutes of my time for rebuttal. This case arises under the court's diversity jurisdiction and involves state law claims and so therefore state substantive law should be applied. I intend to argue two points. The first point is that there is no statute of limitation that bars the claims in this action. And the second point is that if there is a statute of limitation that applies the claims in this action, it should have been equitably told under the discovery rule or fraudulent concealment. So pursuant to Hancock v. Colana Partners, the Hawaii Supreme Court has ruled that a deed that is executed without authority is void ad initio. And the Supreme Court relied on the New York Court of Appeals case of Faison v. Lewis in adopting that rule. So we have two situations where deeds are void ad initio. A forged deed, because obviously the person executing the deed has no authority to convey the property. And you have a deed that is conveyed without authority where the person executing the deed didn't have the authority to execute the deed, such as this case. This case arises where a condominium association that did not hold a power of sale, much less... Sorry, I thought the second example in Hancock was when someone signed something thinking it was something else. That's fraud. So there's two divisions. There's the fraud claims, and fraud can be a forgery that's without authority. Or it could be fraud that's induced, such as someone says, here, sign this document. It's a will, and it turns out to be a deed. So the person who signed the deed had authority to convey the title. That's fraud in the inducement. And so where you have a forged deed without authority, there is no statute of limitations that could make that deed valid. But where you have a deed that is fraudulently induced, title passes to the grantee. Counsel, how do we deal with Dela Pino, where the, I believe the Hawaii Supreme Court said that a wrongful foreclosure in violation of the power of sale is voidable, not void ad initio. And that was discussed approvingly in Malawi, correct? I'm sorry? The Supreme Court discussed Dela Pino in Malawi also, correct? Dela Pino is easily distinguishable because if you read what the Supreme Court says, it says a defective power of sale. A defective power of sale, the mortgagee holds the power of sale, has the authority to convey the property, but for some reason, the execution of the power of sale is defective. They failed to give proper notice or they didn't give a sufficient number of days' notice. But because the mortgagee holds the power of sale, the conveyance document transfers title to the purchaser. And so in the Dela Pino case, the Supreme Court says it used to be the law in Hawaii under Silva v. Lopez that a defective power of sale is void, void ad initio. But then the Supreme Court recognized that the modern trend is not to have those sales void because you've got an innocent third party that has obtained title, and that title is going to be forfeited if you declare that the conveyance is void. And isn't that true here too? Except that the association did not hold a power of sale. That's the major difference between power of sale cases and these cases where the association... Well, here it's a foreclosure, but they could have foreclosed. They just had to use a different procedure to do it, right? They had to go to court. Right. So they had the ability to foreclose. So why isn't that analogous? Because they did not hold a power of sale. The statute that the association used, 6675, specifically required a mortgage containing a power of sale in order to use that process. Now the legislature had passed in 1999 a different process for condominium associations to use, and that was known as Part 2, HRS 66721-42. And the legislature intended for condominium associations to use that process that contained numerous consumer safeguards. But the association in this case chose not to use that process. They used this 1874 statute, 6675, that requires a mortgage that contains a power of sale. And they did that in order to avoid the consumer safeguards. So that's how these cases arise. The association didn't use the statute that the legislature intended for them to use. That statute was defective, by the way, because in the Sakow case, which was a Part 2 nonjudicial foreclosure, the ICA said we've read the statute, we've done a thorough investigation, an exhaustive search, and we cannot see where in the statute the legislature gave to the association a power of sale that they needed to use Part 2. So even though that's what the legislature may have intended, the legislature did not give to associations a power of sale. That's how the Malapi decision came about, because the associations went to the legislature and they said, bail us out. We have all these cases where we're being sued for wrongful foreclosure, but you intended for us to be able to use a nonjudicial foreclosure remedy, and you didn't intend that we had to have a power of sale. And the Supreme Court said, well, in that case, the district court, Judge Kobayashi, said that statute is unconstitutional because you're affecting contract rights. You're imposing new contract rights on these people who lost their homes when you use HRS 6675, which requires a mortgage containing a power of sale, and now you're trying to retroactively change the contract rights. The Supreme Court said, and I argued, it doesn't matter that the legislature is trying to retroactively provide to associations this power of sale, because the statute still doesn't give them a mortgage. You need a mortgage to use 6675, and the Hawaii Supreme Court agreed, and that's the holding of Malapi. It is not that you need a power of sale to do a 6675 foreclosure. That was established in Lee versus HSBC Bank in 2009, where the Supreme Court said there is no statute that grants a power of sale. It arises by contract. It can be in your bylaws of an association's bylaws, or it can be in a mortgage or some other contract, but you need a contractual power of sale to, I'm sorry, a power of sale arises from contract, not by statute. So that's where we are. Going back to the case with Hancock versus Kalana Partners, so the deed that the association executed, taking title and possession of this unit with the grantor and the grantee under the deed is just void, ab initio, and the Supreme Court relied on Faison, and the cases following Faison says not only is the deed not subject to a statute limitation, but a claim for damages is also not subject to a statute limitation. So let's say we disagree with you and you need to show fraud. Can you get to your second argument? Why you think that how you would meet the, if you need to show fraud, how are you going to show it? Well, we don't need to show fraud because we show that the association doesn't have authority. If you don't have authority to convey title, your title is void. Right, but if, I think the question is if we disagreed with you, just assuming we disagreed with you on the voidable versus void initio argument, and that it's just voidable and the statute of limitations applies, how do you show fraud? We would have argued that the Supreme Court in the Namahoy case holds that a false certification that you complied with the statute to foreclose constitutes fraud, and that's what we have in this case. After the association conveyed the property to itself, it filed an affidavit of foreclosure falsely certifying that it complied with 6675. Well, that was impossible because they don't hold a mortgage. So the certification was false, and under the Namahoy case, that's fraud. So there can be a kind of misstatement where someone says, I have the mortgage in front of me, and it says X. And then there can be another kind of statement that's, as a legal matter, the mortgage gives me the right to do something. I think you're trying to argue, or maybe you think the distinction doesn't matter, but I would have thought that fraud kind of needed to be a factual thing, like this is in the mortgage, and I'm lying to you about what it says, versus I have a legal interpretation. Right, that fraud in the inducement. So I think we have more of a legal interpretation here, but can you tell me if I'm wrong about that? Yes, this is a legal interpretation. They don't even hold a mortgage. And so what case says that giving an incorrect legal interpretation can count as fraud in the concealment? Well, if you don't have the authority to convey a title, the document you signed is void ab initio. Well, that's your first argument. We're now saying, let's assume we disagree with you about that, and you need to show fraudulent concealment. What case says that giving an incorrect legal theory counts as fraudulent concealment? The Hawaii Supreme Court in Malawi held, as we pled in our complaints, and we plead in all these complaints, that the association fraudulently concealed the wrong that it was committing by misrepresenting that it held a power of sale, impliedly representing that it held a power of sale when it did not, or implicitly representing that it had the right to use 6675 when it did not. The Hawaii Supreme Court in Malawi held that is sufficient for fraudulent concealment. So the hard part there is that the Supreme Court in Malawi seemed to be relying very heavily on the difference between the pleading standards in state and federal court. And in federal court, we apply Hawaii's substantive law, but federal pleading standards, correct? That is correct, but I submit that the statement in Malawi is substantive law, not procedural. So, and that's, I've tried to see if there's something in Malawi that stands for the proposition that the legal misrepresentation, what you consider to be a legal misrepresentation, counts as fraudulent concealment. And it's hard to read Malawi that way because there were, I mean, it's a little ambiguous, but I think the court was also referring to essentially, you know, allegations of misrepresentation that could have been factual or legal. And so, one way at least to read Malawi would be that there was enough of a factual allegation, a factual misrepresentation to survive Hawaii pleading standards. You would have to look at that argument in the context of the Namahoe decision where the Supreme Court clearly says that when you make a false certification that you've complied with the foreclosure statute and it's false, that is fraud. This is consumer protection. So you have, when you do a nonjudicial foreclosure, you're not in court, you're not before a judge in equity who is overseeing everything, like in the Santiago case, by the way. What you have is a creditor who is acting like a trustee because they're supposedly, you gave to them the authority to sell your property. And under the Kandahar case, Matsuyoshi, Kandahar versus Matsuyoshi case, the Hawaii Supreme Court reaffirmed ORIC versus security investment that these creditors have fiduciary, trustee-like duties to act fairly and in good faith and to tell the truth. And so we had the right, Mr. Ryan had the right when he received this notice by this association which has a fiduciary duty saying that we're going to do this to believe that they had the right to do that. So one of the footnotes in Malawi, they say they're not, they haven't answered the question of how far to extend Santiago. Is that correct? One of the footnotes in Malawi, the Hawaii Supreme Court says we haven't decided yet how far to take Santiago essentially, right, which is the fiduciary duty case. I think they were talking about the Santiago, the duty to tell the truth. Right. Kandahar versus Matsuyoshi is a Supreme Court case and it holds that creditors who are doing these out-of-court foreclosures have a trustee-like duty to act fairly and in good faith. Okay. Sorry, what is the name of that case? K-O-N-D-A-U-R versus Matsuyoshi, M-A-T-S-U-R. Is that one you cited? Cited in my open brief. I want to just ask one question. Obviously we're looking at both state law and federal law here and we've got the Malawi case, but then you have, I guess, varying applications of that in the district court here in the District of Hawaii. And so I'd ask you about Wetzel, both one and two, where I think that was the one case where a district court tried to explain what the contours of Malawi are and ask you why that isn't what's applicable here. There are three errors that Judge Watson made in the Wetzel case. Number one is he held that Malawi established the law, that you needed a power of seal to do this 6-6-7-5 nonjudicial foreclosure. That's not the case. That law was established at least in 2009 by Lee, reaffirmed by Santiago in 2015, and it arose from an 1874 statute. Malawi did not create the duty. Number two, the Judge Ms. Ironski thought that the Malawis, upon receiving the notices, went and sought legal assistance. That is not the case. There's nothing in the case that supports Judge Watson's assumption that the Malawis sought legal assistance upon receiving this notice. The fact is that they waited almost six years until filing the lawsuit, which I filed, by the way. So it shows that they also did not know that the association had no right to do what they did. In all these cases, the homeowners had no idea that they were injured by these associations that used 6-6-7-5. They had no idea that they were injured, and it was a result of wrongful misconduct on the part of associations. In contrast to all of the cases that just talk about the discovery rule, in all the cases, the asbestos cases and the other cases, the plaintiffs knew that they were injured. They just didn't know the cause. In those cases, yes, they should have sought legal advice. But in our cases, these homeowners had no idea. They were in default. They knew that the association had collection rights. They knew that the associations had put liens on their units, and they could foreclose the liens. They had no idea that the manner in which the associations intended to do that was illegal. I want to clarify your position on the equitable tolling argument. So, are you contending that Hawaii fraudulent concealment rule for equitable tolling generally would cover misrepresentation of law? Are you saying that in this particular case, where the AOAO was legally, essentially had the duties of some kind of fiduciary duty or trustee-like duty, that in that situation, even a misrepresentation of law would count, essentially, for equitable? So, this particular context, not as a matter generally of fraudulent concealment law. So, it really turns on whether the AOAO had some greater duty in this instance to be clear about its power of sale. They're pursuant to the Beminger case, they're fiduciaries with respect to the homeowners. Pursuant to Condard, they had a duty of good faith and fair dealing. Under Namahoe, they had a duty not to certify that they did everything properly when they did not. Okay, you're over your time. So, we'll give you two minutes for rebuttal, but let's hear from the other side. Thank you. Okay, good morning, if it is still morning. May it please the Court, Maxwell Copper on behalf of APELI, the Association of Apartment Owners of Waikiki Landmark. All of Appellant's arguments, either in briefing or today, boil down to, I've divided into three, Mr. Chung, divided into two separate arguments challenging the District Court's application of a statute of limitations. If I may begin with Mr. Chung's arguments regarding fraudulent concealment. As Judge McCown pointed out, a similar issue was addressed in Wetzel, the U.S. District Court case of Wetzel, as well as Malabe. And both Wetzel and Malabe very clearly distinguished between the pleading standards of state court and federal court. And in Malabe, when both the majority and the dissent are discussing the pleading standards, the majority decides that it was dispositive in that case. And so we need to look to the pleading standards and analysis in federal court. The case of Hexel Corpus Ineos Polymers states that a party must plead facts showing that defendant affirmatively misled it, and that plaintiff had neither actual nor constructive knowledge of the facts. I think an important distinction, one that was pointed out by Judge Sung, is the distinction between a factual misstatement and a legal misstatement. What is important in fraudulent concealment is not concealment of the claim, but of the facts giving rise to the claim. So what is it that exactly appellants are alleging? In paragraph 26 of the first amended complaint, this is the paragraph that appellants point to as the paragraph pleading fraudulent concealment in their opening brief. Paragraph 26 points to the affidavit and notice of foreclosure of power of sale, which is in the record many times, but in ER 190, and is sort of screenshotted into our answering brief. In that notice of association foreclosure under power of sale, the association states only that the foreclosure is being conducted pursuant to section 514B146 and 667-5. Appellants use the term power of sale loosely and do not distinguish between a contractual power of sale and a statutory power of sale. In fact, in oral argument, Mr. Chung may go so far as to say there's no such thing as a statutory power of sale. However, under HR 667-40, a power of sale foreclosure under this part, I'm quoting here, may be used in certain non-mortgage situations where a law or a written document contains, authorizes, permits, provides for a power of sale. Counsel, can I, sorry, I want to get to a question about how to read Malabi because it's not clear to me that they relied exclusively on the difference between the pleading standard. And I'm looking at, I think it's either a very long footnote, I think 36, and where they say, among other things, that the Malabi's complaint pled that the AOAO had fraudulently concealed the wrongfulness of this foreclosure proceedings by implying, stating, and or misrepresenting that it held a mortgage with a power of sale when it did not. I'll skip ahead a little bit. And then they say they relied on the false statements and representations of the AOAO concerning the AOAO's right to conduct a public sale pursuant to HRS Section 6.875, and that they were entitled to so rely because they were members of the AOAO, because of the AOAO's trustee-like relationship with them, and because the AOAO was acting as an agent or attorney on their behalf. Based on our notice pleading standards, we therefore cannot say it appears beyond doubt that the Malabi's can prove no set of facts. I mean, they seem to be at least leaving open the legal argument that the AOAO had this trustee-like relationship with them and had a legal duty to essentially be more forthcoming as your opposing counsel contends. So it's just while they're also referring to the pleading standard, if as a matter of law the AOAO did have some greater duty to be forthcoming, that seems to me then there would be a stronger argument for the tolling here as a matter of law and not something we could dismiss just based on the federal pleading standard. Well, Your Honor, I believe there is a reason why the Malabi court included the federal pleading standard in that exact statement that you read, because when we're looking at what's plausible versus what's possible in this situation, those are highly distinguishable, even if you add this heightened duty, which I believe the district court properly addressed here and found no heightened duty. But even if you add a heightened duty, what you would need to find is that the association essentially concealed a statute and a statute that they cited to in their notice. So in that very notice, the association tells them we are doing a foreclosure, tells them what provision they're doing the foreclosure under, and it does not cite to a paper power of sale or a contractual power of sale. Also, Ryan had a copy or was entitled to a copy of the bylaws and the declaration, the governing documents, which is the only place a contractual power of sale would be. So he would have knowledge of all of those facts. Appellants cite to no case law that says this heightened standard totally throws out the analysis of the fraudulent concealment analysis. If anything, to me, this heightened standard or this heightened duty goes to the elements of fraudulent concealment and what constitutes a reasonable investigation, which is one of the elements. What I would say, even if they're right, is that the duty to reasonably investigate or what's considered reasonable investigation would be lowered given this scenario. But here, investigation was not needed at all, because they had right in front of them what statute the association was citing to, what statute they were claiming the authority under. Again, HRS 667-40 tells us that you can have, in some circumstances, a statutory power of sale, not just a contractual power of sale. So the association truly believed or the association put forth that it had this statutory power of sale. Again, in order to constitute fraud, without getting into a factual analysis, it has to be plausible that the association knew at the time that its interpretation of 514B-146 was false. And it had to hide, well, for fraudulent concealment, it had to hide that. Again, it cannot hide a statute. And two, if we look at the context during which time this statement was made, back in 2010, pre-Malabe, what we have is, as Ryan points out in their reply, they state very clearly that given the longstanding interpretation by Hawaii condominium attorneys was that condominium associations were authorized to use HRS 667-5, it would have been futile for Ryan to seek legal advice. Ryan admits that it was the longstanding position of the condominium attorneys in the state to hold as such, to agree with the association's interpretation that HRS 514B-146 granted this power. Furthermore, the trial court judge in Malabe actually agreed with the association's interpretation, as did two Supreme Court justices in the dissent in Malabe, including Chief Justice Recktenwald. So I just want to make sure I understand you correctly. Essentially, it would be that the equitable tolling, fraudulent concealment couldn't apply because essentially there was a good faith reliance on legal, predominant legal views that the AOAO did in fact have the power of sale. That couldn't have been an intentional knowing misrepresentation. I would say that it's not, under the facts pled, it is not plausible that the association could take that position, or that the association would have knowledge that Chief Justice Recktenwald and Judge Nishimura did not have. If I may move briefly to the void ab initio arguments. Sorry, can I just, a clarifying question about this. So it sounds like you think because of what you just said, it's not plausible that the association sort of intentionally misled here. You think that is the answer regardless of whether there was a heightened duty? Like I was going to ask you about this Condor case that was cited by your opponent, but you think that just is irrelevant? Because even if there was a heightened duty, they still thought that they were doing something valid? Is that basically your argument? One of the arguments. I would say that the arguments I stated to Judge Sung just now, I think are overarching through any type of fraud alleged, right? Because we are talking about several different types of fraud, whether it be fraudulent concealment, fraudulent misrepresentation, or the two types of fraud in the Hancock case. But I do still, my analysis of the possible heightened duty, again, goes back to the concealment side of fraudulent concealment and what constitutes concealment. And in Hexel, it states that you cannot have fraud, or that if plaintiff had actual or constructive knowledge of the facts, the doctrine of fraudulent concealment does not apply. So even with this heightened standard, they still had knowledge either actual or constructed of these facts. They knew which statute we were doing the foreclosure under. They knew that a foreclosure was happening. And again, this association never claimed the paper of power of sale. So even with this heightened standard, one, you do not have fraud, in my arguments addressed to Judge Sung. And two, you don't have concealment, because they had knowledge of the facts. Again, moving briefly to the void ab initio arguments, I seem to read Hancock very differently than Mr. Chung, respectfully. In Hancock, they point to two types of fraud, right? I believe there was a brief discussion. The fraudulent signature forgery, which does not apply here. And then we have fraud in the factum, which they define as tricking you into signing a document you don't know you're signing, like when you trick your mom into signing off on the bad grades of your report card by telling her it's something else, right? That is not what we have here. And what is interesting about Hancock is they go even further than that. They talk about why these two types of fraud render a devoid ab initio. It is because these types of fraud go to the formation, and they use the phrase, nature of the document. So the actual creation, the signature, the execution, the creation of the document itself. Even in the footnote that the district court uses to address the void ab initio arguments, the district court states that the type of fraud alleged appears, if there is fraud, to be fraudulent inducement and not these two types of fraud. And Hancock specifically points out that there is a statute of limitations for fraudulent inducement. I would also like to briefly put on the record the association's objection to the void ab initio arguments. As the district court points out in that footnote, these arguments were not properly raised in the court below. They were raised for the first time in a supplemental brief that was ruled by the court to be out of order. The association did not have the opportunity to address this issue below because it was raised out of order. The district court chose to address the issue in a footnote, but again the association did not have the opportunity to address it in the court below. You've had the ability to address it now, so I'm not sure that using forfeiture makes a lot of sense at this point. Maybe we should just resolve this issue? Your Honor, I'd leave that to you three. I just wanted to state for the record our objection. But you think you win on the merits of that anyway? Yes, I think Hancock v. Kulana Partners is extremely clear on that. And then there was discussion as well about Dela Pena, which has the same case law as the Santiago V. Tanaka case. Santiago V. Tanaka states very clearly, where it is determined that the nonjudicial foreclosure of a property is wrongful, sale of the property is invalid and voidable at the election of the mortgager. So while Mr. Chung argues that there is a distinction between Santiago and this case, that distinction would have to come in the form of fraud or a separate cause of action. Because Santiago very clearly states that the cause of action of just plain old wrongful foreclosure renders the deed voidable and not void. So we would have to look to void ab initio arguments, which again Hancock claims to have done or purports to have done a survey of cases and has only come up with these two types of fraud. There are no further questions. I thank you for your time. Thank you. Thank you. Let's put two minutes on the clock for rebuttal, please. Thank you. I'll try to be quick and try to respond to all the points. Santiago is an outlier and the Supreme Court in a subsequent decision, a more recent decision, recognized that it was the court's equitable jurisdiction. So a mortgage foreclosure is equitable in nature. And in Santiago, the property had been foreclosed by a mortgagee that did not hold a power of sale, but the property was then sold to a third-party company. And the Supreme Court held that exercising our equitable jurisdiction, we're going to allow that sale to stand and not allow the purchaser to forfeit or not require the purchaser to forfeit. It's an outlier. It's the only case where the Supreme Court talks about a voidable sale, which is done without authority. And that is an outlier. Without my learned counsel just avoids the issue in Hancock versus Colana Partners that there are two types of deeds where there is no, where the deeds are void ab initio. He talks about the fraudulent conveyance and the fraud forgery, but he ignores the fact that the Supreme Court also recognizes that a deed conveyed without authority is also void ab initio, and that is what we're arguing. The association did not have a power of sale. It is a deed without authority, which the Supreme Court recognized in the Lanes case, L-L-A-N-E-S, that these powers, defective power of sale cases where mortgages hold power of sale are treated differently from a sale without authority. And that's what we're dealing with here, a sale without authority. The counsel suggests that 66740 provides a statutory power sale. That is totally wrong. The Supreme Court in Sakhal and the ICA in Sakhal held that there is no statute that creates a power of sale. There's no such thing as a statutory power of sale. And if you read the history. Okay, I'm going to need to, we gave you extra time, but you've now used it up, so I think you need to wrap up. Thank you. Thank you both sides for the helpful arguments. This case is submitted, and we are adjourned for the day.
judges: McKEOWN, FRIEDLAND, SUNG